STEWART *v.* STATE.

Opinion delivered July 14, 1919.

1. MORTGAGES—DISPOSING OF MORTGAGED PROPERTY—CHATTELS.—In a criminal action under an indictment charging the sale by the mortgagor of mortgaged chattels, *held,* the evidence was sufficient to sustain the verdict.

2. APPEAL AND ERROR—FAILURE TO OBJECT—INSTRUCTION.—Where no exception was saved at the trial to the giving of an instruction, the same will not be reviewed on appeal.

3. MORTGAGES—SALE OF MORTGAGED CHATTELS—PREREQUISITES FOR CRIMINAL PROSECUTION.—Where defendant, in a criminal prosecution, is charged with disposing of mortgaged chattels, it is not necessary, under Kirby's Digest, § § 2011 and 2013, as a condition for conviction, that a demand must be made on the mortgagor for the debt or the mortgaged property, nor that defendant refuse, upon demand, to pay the debt.

Appeal from Hempstead Circuit Court; *George R. Haynie,* Judge; affirmed.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. Appellant has filed no brief. None of the seven assignments in the motion for new trial can be sustained. The evidence is ample to sustain the verdict. The instructions state the law correctly, but, if any are bad, no exceptions were saved. 91 Ark. 43; 89 *Id.* 24; 88 *Id.* 505.

2. While there must be proof of a debt before defendant can be convicted, yet this was met by the evidence of S. H. Briant. 68 Ark. 490. After the offense of removing mortgaged property has been committed it can-

not be condoned by satisfying the creditor with other property. 37 Ark. 412.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Hempstead Circuit Court at the April, 1919, term thereof, for exchanging or disposing of mortgaged property, in violation of sections 2011 and 2013 of Kirby's Digest of the statutes of Arkansas, and his punishment fixed at six months in the penitentiary. From the judgment of conviction, an appeal has been regularly prosecuted to this court.

Attorneys for appellant have not favored us with a brief; so we are dependent upon appellant's motion for a new trial for suggestions of error. The first three grounds of the motion are general, and embody the suggestion that the verdict is contrary to the law and evidence. The other grounds are as follows:

"4. That the court erred in its instruction to the jury, on its own motion, in behalf of the State.

"5. That the court erred in refusing to give instruction No. 1, asked by the defendant.

"6. That the court erred in refusing to give instruction No. 2, as asked by the defendant.

"7. That the court erred in amending instruction No. 2 as it had been prepared and requested by the defendant."

The evidence on the part of the State showed that appellant executed a mortgage on December 18, 1917, to the Briant Store Company, a partnership in the general mercantile business at Hope, Arkansas, on two horses, one black and the other roan, and his future crop of 1918, to secure a loan of $50 and advances for supplies; that the mortgage was filed for record in the manner provided by law; that thereafter, supplies were furnished until the indebtedness amounted to $216; that, although demand was made for payment of the indebtedness, appellant failed to pay it, and, when questioned concerning the whereabouts of the roan horse, answered that he was in the range; that the roan horse was of the value of $100.

Anthony Stewart, a brother of appellant, testified that he saw appellant trade off the roan horse. John and Dave Stewart, also brothers of appellant, testified that appellant told each he had traded off the roan horse.

(1) It is apparent from the summary of the State's evidence that every material allegation of the indictment was sustained by sufficient legal, substantial evidence; therefore, the verdict was not contrary to the evidence.

(2) No exception was saved to the instruction given by the court on its own motion, so the assignment of error set up in the fourth ground of the motion for a new trial cannot be considered by this court.

(3) The fifth assignment of error consists in the refusal of the court to give the following instruction requested by appellant, towit: "You are instructed that, before you can convict the defendant, you must find from the evidence, beyond a reasonable doubt, that he was indebted to the Briant Store Company, that demand was made on him and payment refused, and that he disposed of the property with the intent to defeat the debt." This instruction is erroneous in two particulars: First, it stated that a demand for the debt or horse was necessary before appellant could have been convicted; second, that the mortgagor, appellant, must have refused to pay the indebtedness before he could have been convicted. The statute under which appellant was indicted and convicted does not require, as a condition to conviction for disposing of mortgaged property, that a demand must be made on the mortgagor for the debt or mortgaged property; nor a refusal of payment of the indebtedness on his part.

The sixth and seventh assignments of error are that the court erred in refusing to give instruction No. 2, as requested by appellant, and in amending it. The record before us does not support these assignments of error. The record fails to show any amendment or modification of the instruction by the court before it was given. It appears that the instruction was given in the form asked.

No error appearing, the judgment is affirmed.